1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8                              * * *

9   McGEE & McGEE WINE MERCHANTS,      )
    LLC, a Nevada limited liability company, dba  )    3:16-CV-0240-LRH-WGC
10  SAPPHIRE FAMILY OF WINES,          )
                                       )
11            Plaintiff,               )    ORDER
                                       )
12  v.                                 )
                                       )
13  JAM CELLARS, INC., a California    )
    corporation; and JOHN ANTHONY      )
14  VINEYARDS, LLC, a California limited )
    liability company,                 )
15                                     )
              Defendants.              )
16  _____)

17        Before the court is plaintiff McGee & McGee Wine Merchants, LLC's ("McGee")

18  emergency motion to remand. ECF No. 5. Defendants Jam Cellars, Inc. ("Jam") and John Anthony

19  Vineyards, LLC ("JAV") (collectively "defendants") filed an opposition to the motion (ECF No. 9)

20  to which McGee replied (ECF No. 10).

21  **I.     Facts and Procedural Background**

22        Plaintiff McGee is the sole authorized wholesaler of defendants' wines in the state of

23  Nevada as the result of two separate franchise agreements between the parties. On February 17,

24  2016, and February 18, 2016, defendants sent McGee letters terminating the franchise agreements

25  effective May 17, 2016, and May 18, 2016, ninety days after McGee's receipt of the letters.

26        On April 4, 2016, McGee filed a complaint against defendants in state court for breach of

1   contract and associated state law tort claims. ECF No. 1, Exhibit A, p. 10-20. In response,

2   defendants removed this action to federal court on the basis of diversity jurisdiction. ECF No. 1.

3   After removal, McGee filed the present emergency motion to remand. ECF No. 5.

4   **II.    Legal Standard**

5          Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district

6   courts of the United States have original jurisdiction, may be removed by the defendant or the

7   defendants, to the district court of the United States for the district and division embracing the

8   place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction

9   over civil actions where the suit is between citizens of different states and the amount in

10  controversy, exclusive of interest and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a). In a diversity

11  case, if a complaint does not specify the amount of damages, "the removing defendant bears the

12  burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds

13  $[75],000.00." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

14         Removal of a case to a district court may be challenged by motion. 28 U.S.C. § 1441(c). A

15  federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are

16  construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas*

17  *Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

18  1992).

19  **III.   Discussion**

20         In its motion to remand, McGee concedes that the parties are diverse for the purposes of

21  diversity jurisdiction and that the amount in controversy in this action is more than $75,000.

22  However, McGee contends that defendants waived their right to remove this action from state court

23  based upon certain actions they took while this action was pending before the state court.

24  ECF No. 5.

25         It is well established in the Ninth Circuit that a defendant may waive its right to remove an

26  action to federal court if, after it is apparent that the state court action is removable, "the defendant

2

1   takes actions in state court that manifest his or her intent to have the matter adjudicated [in that

2   forum]." *Acosta v. Direct Merchants Bank*, 207 F. Supp. 2d 1129, 1131-1132 (S.D. Cal. 2002)

3   (citing *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994).

4   However, a defendant's waiver of the right to remove "must be clear and unequivocal." *Kum Tat*

5   *Ltd. v. Linden Ox Pasture, LLC*, 2014 U.S. Dist. LEXIS 131317, *8 (N.D. Cal. 2014) (citing

6   *Bayside*, 43 F.3d at 1240). Only certain actions taken in state court constitute a waiver of the right

7   of removal.  "In general, the right of removal is not lost by action in state court short of proceeding

8   to an adjudication on the merits." *Acosta*, 207 F. Supp. 2d at 1131. For example, "[w]aiver will not

9   occur . . . when the defendant's participation in the state action has not been substantial or was

10   dictated by the rules of that court." *Kum Tat Ltd.,* 2014 U.S. Dist. LEXIS 131317, *8 (quoting

11   *Oster v. Standard Life Ins. Co.*, 2009 U.S. Dist LEXIS 42496, *1 (N.D. Cal. 2009).

12       In the present motion to remand, McGee contends that defendants waived their rights to

13   remove this action when defendants: (1) filed an opposition to McGee's emergency ex-parte

14   motion for a temporary restraining order; (2) filed an opposition to McGee's emergency motion for

15   an order shortening time; (3) filed an opposition to McGee's emergency motion to stay; (4) filed an

16   answer and counterclaims with the state court; and (5) filed a motion to dismiss with the state court.

17   *See* ECF No. 5. The court shall address each filing below.

18       **A.  Opposition Filings**

19       McGee contends that the filing of three separate oppositions to it motions constitutes a

20   waiver of defendants' right to remove this action from state court. McGee's argument is without

21   merit. "It is well-settled that merely filing a responsive pleading does not invoke the state court's

22   jurisdiction so as to constitute a waiver of the right to remove." *Acosta*, 207 F. Supp. 2d at 1131.

23       Here, the opposition filings were actions taken by defendants in response to McGee filing

24   several emergency motions in state court. Defendants' filings were not a voluntary action taken by

25   defendants to have the merits of McGee's complaint addressed in state court. Rather, they were

26   actions taken solely to preserve the *status quo*. In such a case, there is no waiver of a defendant's

right to remove the action. *See Heafitz v. Interfirst Bank of Dallas*, 711 F. Supp. 92, 96 (S.D. NY. 1989) (stating that if a motion is made only to preserve the *status quo* and not to dispose of the matter on its merits, it is clear that no waiver has occurred). Therefore, the court finds that defendants' conduct in filing oppositions to McGee's motions did not constitute a waiver of their rights to later remove this action to federal court.

### B. Answer and Counterclaims

McGee next argues that because defendants filed an answer and counterclaims to its complaint, defendants waived their right to remove this action to federal court. The court disagrees.

First, the filing of an answer in state court does not constitute a waiver of the right to remove as a matter of law. *See e.g., Bayside*, 43 F.3d at 1240 ("Where . . . a party takes defensive action to avoid a judgment being entered automatically against him, such action does not manifest an intent to litigate in state court, and accordingly, does not waive the right to remove."); *Oster*, 2009 U.S. Dist. LEXIS 42496, *2 ("simply filing an answer in state court does not waive [a defendant's] right to remove.").

Second, the filing of a counterclaim prior to removal does not necessarily constitute a waiver of the right to remove. *See Acosta*, 207 F. Supp. 2d at 1132;  *Kum Tat Ltd.,* 2014 U.S. Dist. LEXIS 131317, *8-9. Rather, the issue is whether the counterclaims that have been filed are compulsory counterclaims or permissive counterclaims. *Kum Tat Ltd.,* 2014 U.S. Dist. LEXIS 131317, *8-9. If the counterclaims that have been filed are compulsory counterclaims, then no waiver has occurred. *See e.g., Koch v. Medici Ermete & Figli S.R.L.*, 2013 U.S. Dist LEXIS 65125, *3 (C.D. Cal. 2013) ("[D]efendant's assertion of a compulsory counterclaim along with its answer is not the sort of clear and unequivocal conduct that demonstrates an intent to litigate in state court."). In contrast, if the counterclaims that have been alleged are permissive counterclaims, then the defendant has waived his or her right of removal as a matter of law. *See e.g., Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1091 (C.D. Cal. 2005) ("A defendant . . . manifests his intent to remain in state court if he files permissive counterclaims in state court after the case has become

1  removable."); *California Republican Party v. Mercier*, 652 F. Supp. 928, 931 (C.D. Cal. 1986)

2  ("Filing a permissive counterclaim or third-party complaint . . . does constitute waiver.").

3        Here, the court has reviewed defendants' answer and counterclaims (ECF No. 1, Exhibit 16)

4  and finds that the three alleged counterclaims (breach of contract, breach of the implied covenants

5  of good faith and fair dealing, and deceptive trade practices) are compulsory counterclaims arising

6  out of the same transactions and occurrences as those addressed in McGee's claims. For example,

7  defendants' breach of contract claim and breach of the implied covenants claim deal with the same

8  franchise agreements that are at issue in McGee's breach of contract claim. Similarly, defendants'

9  deceptive trade practices claim deals with the same underlying issues of McGee's sale of

10  defendants' products in Nevada. Therefore, because defendants' counterclaims are compulsory

11  counterclaims, they did not waive their right to remove this action to federal court by filing the

12  counterclaims prior to removal.

13        **C.  Motion to Dismiss**

14        On April 25, 2016, the same day that defendants filed their answer and counterclaims,

15  defendants also filed a motion to dismiss in state court. ECF No. 1, Exhibit 15. McGee's last

16  argument in support of remand is that defendants' filing of the motion to dismiss in state court prior

17  to removal constitutes a waiver of their right to remove this action to federal court. The court

18  agrees. Having reviewed the documents and pleadings on file in this matter the court finds that the

19  filing of the underlying motion to dismiss in state court constituted a clear and unequivocal

20  willingness and intent on the part of defendants to adjudicate this action in state court.

21        Generally, "the filing of a motion to dismiss in and of itself does not necessarily constitute a

22  waiver of the defendant's right to proceed in the federal forum." *Yusefzadeh v. Nelson, Mullins,*

23  *Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004). The issue for a federal court to

24  determine is whether the motion to dismiss either addresses the merits of the complaint or seeks an

25  adjudication of the complaint on the merits. *See PR Group, LLC v. Windmill International, Ltd.*,

26  792 F.3d 1025, 1026 (8th Cir. 2015) (holding that the filing of a motion to dismiss for lack of

1  prosecution did not waive the defendant's right to remove the action to federal court because the

2  motion did not address the substance or merits of plaintiff's complaint).

3       Here, defendants' partial motion to dismiss seeks an adjudication of the merits of McGee's

4  complaint. In their motion to dismiss, defendants seek to dismiss McGee's third, fourth, and sixth

5  claims for relief. *See* ECF No. 1, Exhibit 15. Reviewing defendants' motion, it is clear that they are

6  seeking a determination on the merits of these claims. For example, defendants seek dismissal of

7  McGee's third cause of action for tortious breach of the implied covenants of good faith and fair

8  dealing on the basis that McGee has failed to allege the required element of special reliance. This

9  challenge necessarily requires a court to carefully examine McGee's allegations to determine

10  whether they comply with the requirements of alleging a claim for tortious breach of the implied

11  covenants, an obvious decision upon the merits of the complaint. *See Heafitz*, 711 F. Supp. at 96

12  (holding that if the motion to dismiss would result in dismissal of some claims then the defendant

13  is actively seeking a decision on the merits, thereby waiving his or her rights to remove the action).

14  Therefore, the court finds that because defendants elected to pursue a merits challenge to McGee's

15  complaint in the state court, defendants waived their right to later remove this action to federal

16  court. Accordingly, the court shall grant McGee's motion and remand this action to state court.

17

18       IT IS THEREFORE ORDERED that plaintiff's emergency motion to remand (ECF No. 5)

19  is GRANTED. This action, 3:16-cv-0240-LRH-WGC, is REMANDED to the Second Judicial

20  District Court of the State of Nevada.

21       IT IS SO ORDERED.

22       DATED this 20th day of May, 2016.

23  _____
    LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE

24

25

26